BRANDENBURG-REES & REES    PHONE NO. : 217 854 9369    Sep. 14 2006 02:23PM P1

E-FILED
Friday, 15 September, 2006  08:59:10 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS



FILED
SEP 14 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JANE DOE, | ) | |
| Plaintiff, | ) | Judge: Jeanne Scott |
| v. | ) | Magistrate Judge: Charles Evans |
| BLACKBURN COLLEGE, | ) | No: 06-3205 |
| Defendant. | ) | PLAINTIFF DEMANDS TRIAL BY JURY |

### COMPLAINT FOR DAMAGES

NOW COMES, Plaintiff, by and through undersigned counsel, and files this her Complaint For Damages, and pursuant to Fed.R.Civ.P.7 and Fed.R.Civ.P.8(a)(1), sets forth her claims for relief as follows:

**JURISDICTION**

1.  The basis of jurisdiction is 28 U.S.C. Sec. 1337, which confers jurisdiction on actions arising under acts of Congress, regulating commerce in the District Court of the United States. Plaintiff also invokes this Court's pendant jurisdiction to hear Plaintiff's state law claims. This action is brought pursuant to Title IX of the Education Acts of 1972, as amended, 20 U.S.C. Section 168(a), et seq. and for claims arising out of state common law.

**VENUE**

2.  Venue is based upon 28 U.S.C. Section 1391(b). Plaintiff and Blackburn College are residents of the State of

Illinois, residing in Macoupin County, Illinois. Venue is proper in this Court.

**PARTIES**

3. At all times concerned, Plaintiff ("Doe") was a full-time matriculating student at Defendant Blackburn College.

4. Defendant Blackburn College ("Blackburn") is a school of higher education with its main office located in Macoupin County, Illinois. Defendant Blackburn College is a recipient of federal funds.

5. Unknown Assailant is a male, believed at all times to be a Blackburn College student in Macoupin County, Illinois.

**SUBSTANTIVE ALLEGATIONS**

6. Blackburn College owns the real property known as Blackburn College located in Macoupin County, Illinois (hereinafter the "Premises") upon which its school and campus reside.

7. Blackburn provides on-campus housing to its students and its students are encouraged to reside on campus.

8. As a college, Blackburn creates a concentration of young men and women on it campus.

9. Students come to college not fully prepared for the freedoms of an adult life without the continued active intervention of family and the active guidance of the college.

10. Because students are living on their own for the first time and there are large concentrations of young men and women in densely populated forms, it is more likely that crimes, particularly sexual assault, will occur on the college campus.

11. Authoritative studies have shown that one in four college women are the victim of sexual assault or attempted rape while in college.

12. Authoritative studies have further found that of the sexual assaults that occur on campus, 80-90% occur between acquaintances.

13. It is foreseeable that sexual assault occurs on campus to young college women.

14. Rape on college campuses is preventable.

15. Blackburn promises safety and security to its students.

16. Blackburn maintains a force of campus security on its campus.

17. Blackburn takes actions to ensure safety on its campus.

18. Blackburn takes actions to protect its students from sexual assault.

19. Because of the affirmative steps Blackburn takes to ensure safety to its students, Blackburn must ensure the safety of its students in a non-negligent manner.

20. Blackburn underreports its campus annual crime statistics.

21. In the fall of 2004, Blackburn received a complaint from Jane Doe that she had been sexually assaulted on campus by an unknown assailant, believed by Doe to be a Blackburn student.

22. After another incident of sexual harassment, Blackburn informed Doe that it could not protect her on campus.

23. Doe left school shortly thereafter.

**PLAINTIFF'S CLAIMS FOR RELIEF**

Title IX   Sexual Harrassment

24. Blackburn had actual notice that Doe had been sexually assaulted on campus by and through an official with the ability to take actions to prevent further harassment and to protect Doe.

25. Blackburn's decision that it could not protect Doe was clearly unreasonable in light of the known circumstances.

26. Blackburn's choice to inform Doe that it could not protect Doe on campus showed deliberate indifference to the complaints of sexual harassment and assault.

27. Blackburn's choice not to take remedial action to protect Doe on campus showed deliberate indifference to the complaints of sexual harassment and assault.

28. Blackburn's deliberate indifference deprived Plaintiff of access to the educational opportunities and benefits provides

by the school in violation of Title IX of the Education Act of 1972, as embodied in 20 U.S.C. Section 1681(a), *et seq.*

29. As a direct and proximate result of Blackburn's violation of Plaintiff's Title IX rights, Plaintiff has sustained severe and permanent emotional and physical injury to her body and psyche. Moreover, Plaintiff has incurred medical expenses and other out-of-pocket expenses for the treatment of these injuries and expects to incur further expenses into the indefinite future.

30. As a further direct and proximate result of the violation of Plaintiff's Title IX rights by Blackburn, Plaintiff has lost wages, has had her earnings capacity diminished, has experienced a loss of enjoyment of life and has otherwise suffered great pain of both body and mind.

Title IX - Sex Discrimination

31. Blackburn is required as a recipient of federal financial assistance to adopt and publish internal grievance procedures to promptly and equitably resolve complaints alleging discrimination on the basis of sex.

32. Blackburn is required to establish and maintain a mechanism so that Blackburn in continually apprised of and evaluates possible discriminatory policies and procedures and to develop strategies to correct discrimination.

33. Blackburn is required to inform complainants of sexual harassment of the final results of a sexual assault case.

34. Blackburn's failure to establish an appropriate grievance procedure for sexual assault and steps to correct it, and allowing Doe to be sexually harassed and told by Blackburn that it could not protect her, violated Plaintiff's right to an education free from discrimination.

35. As a direct and proximate result of Blackburn's violation of Plaintiff's Title IX rights, Plaintiff has sustained severe and permanent emotional and physical injury to her body and psyche. Moreover, Plaintiff has incurred medical expenses and other out-of-pocket expenses for the treatment of these injuries and expects to incur further such expenses into the indefinite future.

36. As a further direct and proximate result of the violation of Plaintiff's Title IX rights by Blackburn, Plaintiff has lost wages, has had her earnings capacity diminished, has experienced a loss of enjoyment of life and has otherwise suffered great pain of both body and mind.

STATE LAW CLAIMS FOR RELIEF

37. At all times relevant hereto, Blackburn owed a duty of care to Plaintiff to keep their premises safe from foreseeable unlawful acts of third parties on their Premises.

38. At all times relevant hereto, Blackburn acknowledged and recognized the need for security, and thus owed a duty of care to Plaintiff to provide adequate security on and about its Premises.

39. At all times relevant hereto, Blackburn assumed the duty to protect its students from sexual assault.

40. At all times relevant hereto, Blackburn assumed the duty to ensure the safety of its students.

41. At all times relevant hereto, Blackburn had a duty to warn its students regarding crimes on its property.

42. At all times relevant hereto, Blackburn had a duty to warn its students about the dangers inherent on the college campus and between its students.

43. At all times relevant hereto, it was foreseeable that sexual assault would occur between college students at Blackburn.

44. At all times relevant hereto, Blackburn had actual knowledge of sexual assault on its campus directed against Doe.

45. At all times relevant hereto, Blackburn had a duty to protect students from dangerous conditions on its property.

46. At all times relevant hereto, Blackburn had a duty to protect students from dangerous conditions by its students.

47. Blackburn ignored the circumstances that a reasonable person would interpret as leading to injury.

48. Blackburn breached its duty of care to Plaintiff.

49. Blackburn's breach of it s duty proximately caused Plaintiff harm.

50. As a result of Blackburn's breach of it duty, Plaintiff has suffered emotional distress, physical disfigurement, post-traumatic stress and depression and has been unable to function in her normal capacities.

## PUNITIVE DAMAGES

51. Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

52. The foregoing acts of Defendant Blackburn were intentional and humiliating. Blackburn's acquiescence in the sexual harassment and sexual assault of its student further evinces a conscious disregard for the circumstances and rights of others, and a specific intent to cause harm. Plaintiff is accordingly entitled to recover from Defendants, in addition to her compensatory damages, an award of punitive damages under the law of Illinois and Title IX to punish Defendant Blackburn, or to deter it from repeating such wrongful acts.

53. As an alternative to any pecuniary loss suffered by Plaintiff, she has suffered injury to her peace, happiness, and feelings as a result of the wrongful acts of Defendant and in such even is entitled to recover vindictive damages provides by Federal law.

54. The foregoing acts of Defendant evince a species of bad faith that entitles the Plaintiff to recover her necessary expenses of litigation, including an award of reasonable attorneys fees.

WHEREFORE, Plaintiff prays:

(a) That the Court adjudicate and declare that the conduct of Blackburn and its practices and policies complained of herein violates the Plaintiff's rights as secured under Title IX;

(b) That the Court order Blackburn College to make the Plaintiff whole under Title IX by providing the appropriate back pay and reimbursement for any benefits in an amount to be shown at trial, and other appropriate relief;

(c) That Plaintiff has and recovers against Defendant a Judgment for compensatory damages sustained as a result of Defendant's wrongful acts, including damages for emotional distress sustained by the Plaintiff, in such an amount as the jury determines to be appropriate under the circumstances;

(d) That Plaintiff has and recovers against Defendants a Judgment for punitive damages as a result of the Defendant's willful, wanton and malicious conduct in such an amount as the jury determines to be appropriate under the circumstances;

(e) That the Plaintiff has and recovers her necessary expense for litigation, including reasonable attorneys fees;

(f) That the Plaintiff has and recovers her pre-judgment interest for all general and specific damages sustained by Plaintiff;

(g) That the cost of this action be assessed upon the Defendants; and

(h) That the Plaintiff be awarded such other and further relief as this Court may deem proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully Submitted,

JANE DOE, Plaintiff

By: _____
One of Her Attorneys

Edmond H. Rees
ARDC #02301008
Jacqueline Brandenburg-Rees
ARDC #06182350
BRANDENBURG-REES & REES
Three First National Plaza
70 West Madison, Suite 1400
Chicago, Illinois 60602
888-854-2603

Amanda Farahany, LLP
Attorney At Law
1401 Peachtree Street N.E., Suite 101
Atlanta, Georgia 30309
404-214-0120

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jane Doe

**DEFENDANTS**
Blackburn College

(b) County of Residence of First Listed Plaintiff: Macoupin
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Macoupin
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number):
Amanda Farahany
1401 Peachtree St. N.E., Suite 101
Atlanta, GA 30309  404-214-0120
Brandenburg/Rees & Rees
3 First National Plaza, 70 West Madison, Suite 1400, Chicago, IL

Attorneys (If Known): 404-214-0120

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) 60602
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☒ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title IX Sex Discrimination
Brief description of cause:
Sexual Harrassment, Title IX Sex Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 9-14-06
SIGNATURE OF ATTORNEY OF RECORD: Edward R. Doe

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____