IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: 06-3205-JES-CHE |
| ) | |
| BLACKBURN COLLEGE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT BLACKBURN COLLEGE'S ANSWER TO PLAINTIFF JANE DOE'S COMPLAINT**

COMES NOW Defendant Blackburn College ("Blackburn") and for its Answer to Plaintiff Jane Doe's Complaint, states as follows:

1. With regard to Paragraph 1 of Plaintiff's Complaint, Blackburn admits that Plaintiff brings this action pursuant to Title IX of the Education Acts of 1972, as amended, 20 U.S.C. Section 168(a), *et seq.* Blackburn states that Plaintiff is seeking to invoke pendant jurisdiction for this Court to entertain Plaintiff's State Law Claims.

2. With regard to Paragraph 2 of Plaintiff's Complaint, Blackburn admits that it is a resident of the State of Illinois, residing in Macoupin County, Illinois. With regard to Plaintiff's residency, Blackburn is without sufficient information to admit or deny where Plaintiff resides, and therefore, denies the same. However, Blackburn admits that venue is proper in the United States District Court of the Central District of Illinois.

3. With regard to the allegations in Paragraph 3 of Plaintiff's Complaint, Blackburn is without sufficient information to admit or deny whether Plaintiff was a full-time matriculating student at Blackburn College, and therefore, denies the same.

4. With regard to the allegations in Paragraph 4 of Plaintiff's Complaint, Blackburn admits those allegations.

5. With regard to the allegations in Paragraph 5 of Plaintiff's Complaint, Blackburn is without sufficient information to admit or deny those allegations, and therefore, denies the same.

6. With regard to the allegations in Paragraph 6 of Plaintiff's Complaint, Blackburn admits those allegations.

7. With regard to the allegations in Paragraph 7 of Plaintiff's Complaint, Blackburn admits that it makes available on-campus housing for its students but denies the further allegations of Paragraph 7 of Plaintiff's Complaint.

8. With regard to the allegations of Paragraph 8 of Plaintiff's Complaint, Plaintiff's allegations are unclear and vague, and therefore Blackburn denies those allegations.

9. With regard to the allegations of Paragraph 9 of Plaintiff's Complaint, Plaintiff's allegations are generalizations that are vague and unclear and therefore, Blackburn denies those allegations.

10. Blackburn denies the allegations of Paragraph 10 of Plaintiff's Complaint.

11. With regard to the allegations of Paragraph 11 of Plaintiff's Complaint, Blackburn is without sufficient information to admit or deny those allegations, and therefore, denies the same.

12. With regard to the allegations of Paragraph 12 of Plaintiff's Complaint, Blackburn is without sufficient information to admit or deny those allegations, and therefore, denies the same.

13. With regard to the allegations of Paragraph 13 of Plaintiff's Complaint, Plaintiff's allegations are generalizations that are vague and not specific, and therefore, Blackburn denies the same.

14. With regard to the allegations in Paragraph 14 of Plaintiff's Complaint, Blackburn denies those allegations.

15. With regard to the allegations in Paragraph 15 of Plaintiff's Complaint, Blackburn states that Plaintiff's allegations are vague and unspecific, and therefore, denies those allegations.

16. With regard to the allegations in Paragraph 16 of Plaintiff's Complaint, Blackburn states that Plaintiff's allegations are unclear and vague, and therefore, Blackburn denies the same.

17. With regard to the allegations in Paragraph 17 of Plaintiff's Complaint, Blackburn states that Plaintiff's allegations are unclear and vague, and without more specific information, Blackburn denies the same.

18. With regard to the allegations in Paragraph 18 of Plaintiff's Complaint, Blackburn states that Plaintiff's allegations are vague and unspecific, however, Blackburn states that it does engage in preventative measures to avoid sexual assaults, but denies the further allegations of Paragraph 18 of Plaintiff's Complaint.

19. With regard to the allegations in Paragraph 19 of Plaintiff's Complaint, Plaintiff's allegations are vague, and therefore, Blackburn denies the same.

20. With regard to the allegations in Paragraph 20 of Plaintiff's Complaint, Blackburn denies those allegations.

21. With regard to the allegations in Paragraph 21 of Plaintiff's Complaint, Blackburn is without sufficient information to admit or deny those allegations, and therefore, denies the same.

22. With regard to the allegations in Paragraph 22 of Plaintiff's Complaint, Blackburn is without sufficient information to admit or deny those allegations, and therefore, denies the same.

23. With regard to the allegations in Paragraph 23 of Plaintiff's Complaint, Blackburn is without sufficient information to admit or deny those allegations, and therefore, denies the same.

## TITLE IX SEXUAL HARASSMENT

24. With regard to the allegations in Paragraph 24 of Plaintiff's Complaint, Blackburn is without sufficient information to admit or deny those allegations, and therefore, denies the same.

25. With regard to the allegations in Paragraph 25 of Plaintiff's Complaint, Blackburn denies the allegations

26. With regard to the allegations in Paragraph 26 of Plaintiff's Complaint, Blackburn denies the allegations.

27. With regard to the allegations in Paragraph 27 of Plaintiff's Complaint, Blackburn denies the allegations.

28. With regard to the allegations in Paragraph 28 of Plaintiff's Complaint, Blackburn denies the allegations.

29. With regard to the allegations in Paragraph 29 of Plaintiff's Complaint, Blackburn denies the allegations.

30.     With regard to the allegations in Paragraph 30 of Plaintiff's Complaint, Blackburn denies the allegations.

31.     For further answer and affirmative defense, Blackburn states that Plaintiff fails to state a claim upon which relief may be granted.

32.     For further answer and affirmative defense, Blackburn states that Plaintiff's claims are barred by the relevant statute of limitations.

33.     For further answer and affirmative defense, Blackburn states that any damages that Plaintiff allegedly sustained were the direct result of Plaintiff's failure to mitigate those damages.

34.     For further answer and affirmative defense, pleading hypothetically and in the alternative, Blackburn states that it did not have notice of Plaintiff's alleged sexual harassment and/or discrimination.

35.     For further answer and affirmative defense, Blackburn states that it was not deliberately indifferent to any claim of sexual harassment.

36.     For further answer and affirmative defense, pleading hypothetically and in the alternative, Blackburn states that it responded reasonably to any claim of sexual harassment.

37.     For further answer and affirmative defense, pleading hypothetically and in the alternative, Blackburn states that Plaintiff was not denied access to the educational opportunities or benefits provided by Blackburn.

38.     For further answer and affirmative defense, Blackburn states that the alleged harassment was not severe, pervasive or objectionably offensive.

39.     For further answer and affirmative defense, pleading hypothetically and in the alternative, Blackburn states that the alleged harassment and/or discrimination suffered by Plaintiff was not systemic.

40. For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that whatever injuries and damages were sustained by Plaintiff, Jane Doe, if any, were the direct and proximate result of the negligence and carelessness and/or comparative fault of Jane Doe.

41. For further answer and affirmative defense, pleading hypothetically and in the alternative, Blackburn states that it had policies against discrimination and harassment, and Plaintiff failed to avail herself of those policies or avoid harm.

42. For further answer and affirmative defense, Blackburn states that it has in place grievance procedures to promptly and equitably resolve complaints alleging harassment on the basis of sex pursuant to Title IX.

43. For further answer and affirmative defense, pleading hypothetically and in the alternative, Plaintiff failed to timely report the alleged harassment and/or discrimination to allow Blackburn the opportunity to remedy any alleged harassment and/or discrimination and to prevent any alleged harm to Plaintiff.

44. For further answer and affirmative defense, pleading hypothetically and in the alternative, Blackburn had anti-discrimination and anti-harassment policies and complaint procedures in place, and Plaintiff unreasonably failed to avail herself of the complaint procedure or to avoid harm otherwise, and therefore, the imposition of punitive or exemplary damages is unwarranted.

45. For further answer and affirmative defense, Blackburn states that Plaintiff's Complaint does not state a claim for punitive damages because it violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in the following particulars:

a)  Plaintiff's claim for punitive damages violates the Fifth Amendment for the following reasons:

   i)  The Double Jeopardy Clause is violated because multiple awards of punitive damages can be imposed upon the defendant for the same act or omission, and because an award of punitive damages can be imposed upon the defendant even though the defendant was convicted or acquitted of a factually related offense in an underlying criminal proceeding;

   ii)  The Self-Incrimination Clause is violated because the defendant can be compelled to give testimony against itself;

b)  Plaintiff's claim for punitive damages violates the Sixth and Fourteenth Amendments because such damages may be imposed by a less than unanimous jury and based upon a burden of proof applicable in civil cases, whereas punitive damages are a fine or penalty and are quasi-criminal in nature;

c)  Plaintiff's claim for punitive damages violates the defendant's right to access the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the defendant's exercise of that right;

d)  Plaintiff's claim for punitive damages violates the Eighth Amendment guarantee that excessive fines shall not be imposed;

e)  Plaintiff's claim for punitive damages violates the Due Process and Equal Protection Clause of the Fourteenth Amendment for the following reasons:

   i)  The standard or test for determining the requisite mental state of the defendant for imposition of punitive damages is void for vagueness;

   ii)  Insofar as punitive damages are not measured against actual injury to the Plaintiff, and are left wholly to the discretion of the jury, there is no objective standard that limits the amount of such damages as may be awarded, and the amount of punitive damages that may be awarded is determinate at the time of the defendant's alleged egregious conduct;

iii) The tests or standards for the imposition of punitive damages differ from state to state such that a specific act or omission of a given defendant may or may not result in the imposition of punitive damages, or may result in differing amounts of punitive damages, depending upon the state in which suit is filed, such that the defendant is denied equal protection of the law;

iv) Punitive damages may be imposed without a requisite showing of hatred, spite, ill will or wrongful motive;

v) Grossly excessive or arbitrary punishments may be imposed on a party;

vi) There is no notice of the severity of punishment that may be inflicted for any particular conduct;

vii) Punitive damages allow for the arbitrary deprivation of property;

viii) Punitive damages allow for a great disparity between the actual harm suffered and the punitive damages awarded;

Punitive damages allow for punishment that is unreasonable and not proportionate to the amount of harm plaintiff has suffered and the amount of damages awarded.

46. For further answer and affirmative defense, Defendant Blackburn states that the "Sexual Harassment" Claim of Plaintiff's Complaint does not state a claim for punitive damages because it violates Article I, Section 2 and Article I, Section 12 of the Illinois Constitution.

## TITLE IX SEX DISCRIMINATION

47. With regard to the allegations in Paragraph 31 of Plaintiff's Complaint, Blackburn admits that it must have grievance procedures to promptly and equitably resolve complaints alleging any action prohibited by Title IX, but denies the further allegations of Paragraph 31 of Plaintiff's Complaint.

48. With regard to the allegations in Paragraph 32 of Plaintiff's Complaint, Blackburn denies those allegations.

49. With regard to the allegations in Paragraph 33 of Plaintiff's Complaint, Blackburn denies those allegations.

50. With regard to the allegations in Paragraph 34 of Plaintiff's Complaint, Blackburn is without sufficient information to admit or deny those allegations, and therefore, denies the same.

51. With regard to the allegations in Paragraph 35 of Plaintiff's Complaint, Blackburn denies the allegations.

52. With regard to the allegations in Paragraph 36 of Plaintiff's Complaint, Blackburn denies the allegations.

53. For further answer and affirmative defense, Blackburn states that Plaintiff fails to state a claim upon which relief may be granted.

54. For further answer and affirmative defense, Blackburn states that Plaintiff's claims are barred by the relevant statute of limitations.

55. For further answer and affirmative defense, Blackburn states that any damages that Plaintiff allegedly sustained were the direct result of Plaintiff's failure to mitigate those damages.

56. For further answer and affirmative defense, pleading hypothetically and in the alternative, Blackburn states that it did not have notice of Plaintiff's alleged sexual harassment and/or discrimination.

57. For further answer and affirmative defense, Blackburn states that it was not deliberately indifferent to any claim of sexual discrimination

58. For further answer and affirmative defense, pleading hypothetically and in the alternative, Blackburn states that it responded reasonably to any claim of sexual discrimination.

59. For further answer and affirmative defense, pleading hypothetically and in the alternative, Blackburn states that Plaintiff was not denied access to the educational opportunities or benefits provided by Blackburn.

60. For further answer and affirmative defense, Blackburn states that the alleged discrimination was not severe, pervasive or objectionably offensive.

61. For further answer and affirmative defense, pleading hypothetically and in the alternative, Blackburn states that the alleged harassment and/or discrimination suffered by Plaintiff was not systemic.

62. For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that whatever injuries and damages were sustained by Plaintiff, Jane Doe, if any, were the direct and proximate result of the negligence and carelessness and/or comparative fault of Jane Doe.

63. For further answer and affirmative defense, pleading hypothetically and in the alternative, Blackburn states that it had policies against discrimination and harassment, and Plaintiff failed to avail herself of those policies or avoid harm.

64. For further answer and affirmative defense, Blackburn states that it has in place grievance procedures to promptly and equitably resolve complaints alleging discrimination on the basis of sex.

65. For further answer and affirmative defense, pleading hypothetically and in the alternative, Plaintiff failed to timely report the alleged harassment and/or discrimination to allow Blackburn the opportunity to remedy any alleged harassment and/or discrimination and to prevent any alleged harm to Plaintiff.

66. For further answer and affirmative defense, pleading hypothetically and in the alternative, Blackburn had anti-discrimination and anti-harassment policies and complaint

procedures in place, and Plaintiff unreasonably failed to avail herself of the complaint procedure or to avoid harm otherwise, and therefore, the imposition of punitive or exemplary damages is unwarranted.

67.     For further answer and affirmative defense, Blackburn states that Plaintiff's Complaint does not state a claim for punitive damages because it violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in the following particulars:

   a)   Plaintiff's claim for punitive damages violates the Fifth Amendment for the following reasons:

      iii)   The Double Jeopardy Clause is violated because multiple awards of punitive damages can be imposed upon the defendant for the same act or omission, and because an award of punitive damages can be imposed upon the defendant even though the defendant was convicted or acquitted of a factually related offense in an underlying criminal proceeding;

      iv)   The Self-Incrimination Clause is violated because the defendant can be compelled to give testimony against itself;

   b)   Plaintiff's claim for punitive damages violates the Sixth and Fourteenth Amendments because such damages may be imposed by a less than unanimous jury and based upon a burden of proof applicable in civil cases, whereas punitive damages are a fine or penalty and are quasi-criminal in nature;

   c)   Plaintiff's claim for punitive damages violates the defendant's right to access the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the defendant's exercise of that right;

   d)   Plaintiff's claim for punitive damages violates the Eighth Amendment guarantee that excessive fines shall not be imposed;

  e)  Plaintiff's claim for punitive damages violates the Due Process and Equal Protection Clause of the Fourteenth Amendment for the following reasons:

    vi)  The standard or test for determining the requisite mental state of the defendant for imposition of punitive damages is void for vagueness;

    vii)  Insofar as punitive damages are not measured against actual injury to the Plaintiff, and are left wholly to the discretion of the jury, there is no objective standard that limits the amount of such damages as may be awarded, and the amount of punitive damages that may be awarded is determinate at the time of the defendant's alleged egregious conduct;

    viii)  The tests or standards for the imposition of punitive damages differ from state to state such that a specific act or omission of a given defendant may or may not result in the imposition of punitive damages, or may result in differing amounts of punitive damages, depending upon the state in which suit is filed, such that the defendant is denied equal protection of the law;

    ix)  Punitive damages may be imposed without a requisite showing of hatred, spite, ill will or wrongful motive;

    x)  Grossly excessive or arbitrary punishments may be imposed on a party;

    ix)  There is no notice of the severity of punishment that may be inflicted for any particular conduct;

    x)  Punitive damages allow for the arbitrary deprivation of property;

    xi)  Punitive damages allow for a great disparity between the actual harm suffered and the punitive damages awarded;

Punitive damages allow for punishment that is unreasonable and not proportionate to the amount of harm plaintiff has suffered and the amount of damages awarded.

  68.  For further answer and affirmative defense, Defendant Blackburn states that the "Sex Discrimination" Claim of Plaintiff's Complaint does not state a claim for punitive damages because it violates Article I, Section 2 and Article I, Section 12 of the Illinois Constitution.

## STATE LAW CLAIMS

69. With respect to the allegations asserted in Paragraphs 37 through 50 of Plaintiff's "State Law Claims" in Plaintiff's Complaint, Blackburn has contemporaneously filed a Motion to Dismiss Plaintiff's State Law Claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and therefore makes no answer or averments at this time. If the Motion to Dismiss is denied, Blackburn will set forth its answers and affirmative defenses to this Count.

## PUNITIVE DAMAGES

70. With regard to the allegations set forth in Paragraph 51 of Plaintiff's Complaint, Blackburn incorporates its responses in Paragraphs 1 through 69, as if fully set forth herein.

71. With regard to the allegations in Paragraph 52 of Plaintiff's Complaint, Blackburn denies the allegations.

72. With regard to the allegations in Paragraph 53 of Plaintiff's Complaint, Blackburn denies the allegations.

73. With regard to the allegations in Paragraph 54 of Plaintiff's Complaint, Blackburn denies those allegations.

74. For further answer and affirmative defense, Blackburn states that Plaintiff fails to state a claim upon which relief may be granted.

75. For further answer and affirmative defense, Blackburn states that any damages that Plaintiff allegedly sustained were the direct result of Plaintiff's failure to mitigate those damages.

76. For further answer and affirmative defense, Blackburn states that Plaintiff's claims are barred by the relevant statute of limitations.

77. For further answer and affirmative defense, Blackburn states that as a private school, it is immune from liability from the claims asserted by Plaintiff by virtue of immunity granted by statute.

78. For further answer and affirmative defense, pleading hypothetically and in the alternative, Defendant states that whatever injuries and damages were sustained by Plaintiff, Jane Doe, if any, were the direct and proximate result of the negligence and carelessness and/or comparative fault of Jane Doe.

79. For further answer and affirmative defense, pleading hypothetically and in the alternative, Blackburn states that it did not have notice of Plaintiff's alleged sexual harassment and/or discrimination.

80. For further answer and affirmative defense, Blackburn states that it was not deliberately indifferent to any claim of sexual harassment and/or discrimination

81. For further answer and affirmative defense, pleading hypothetically and in the alternative, Blackburn states that it responded reasonably to any claim of sexual discrimination.

82. For further answer and affirmative defense, pleading hypothetically and in the alternative, Blackburn states that Plaintiff was not denied access to the educational opportunities or benefits provided by Blackburn.

83. For further answer and affirmative defense, pleading hypothetically and in the alternative, Blackburn states that the alleged harassment and/or discrimination suffered by Plaintiff was not systemic.

84. For further answer and affirmative defense, pleading hypothetically and in the alternative, Blackburn states that it had policies against discrimination and harassment, and Plaintiff failed to avail herself of those policies or avoid harm.

85.     For further answer and affirmative defense, Blackburn states that it has in place grievance procedures to promptly and equitably resolve complaints alleging discrimination and harassment on the basis of sex.

86.     For further answer and affirmative defense, pleading hypothetically and in the alternative, Plaintiff failed to timely report the alleged harassment and/or discrimination to allow Blackburn the opportunity to remedy any alleged harassment and/or discrimination and to prevent any alleged harm to Plaintiff.

87.     For further answer and affirmative defense, pleading hypothetically and in the alternative, Blackburn had anti-discrimination and anti-harassment policies and complaint procedures in place, and Plaintiff unreasonably failed to avail herself of the complaint procedure or to avoid harm otherwise, and therefore, the imposition of punitive or exemplary damages is unwarranted.

88.     For further answer and affirmative defense, Blackburn states that Plaintiff's Complaint does not state a claim for punitive damages because it violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in the following particulars:

a)     Plaintiff's claim for punitive damages violates the Fifth Amendment for the following reasons:

v)     The Double Jeopardy Clause is violated because multiple awards of punitive damages can be imposed upon the defendant for the same act or omission, and because an award of punitive damages can be imposed upon the defendant even though the defendant was convicted or acquitted of a factually related offense in an underlying criminal proceeding;

vi)    The Self-Incrimination Clause is violated because the defendant can be compelled to give testimony against itself;

b) Plaintiff's claim for punitive damages violates the Sixth and Fourteenth Amendments because such damages may be imposed by a less than unanimous jury and based upon a burden of proof applicable in civil cases, whereas punitive damages are a fine or penalty and are quasi-criminal in nature;

c) Plaintiff's claim for punitive damages violates the defendant's right to access the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the defendant's exercise of that right;

d) Plaintiff's claim for punitive damages violates the Eighth Amendment guarantee that excessive fines shall not be imposed;

e) Plaintiff's claim for punitive damages violates the Due Process and Equal Protection Clause of the Fourteenth Amendment for the following reasons:

   xi) The standard or test for determining the requisite mental state of the defendant for imposition of punitive damages is void for vagueness;

   xii) Insofar as punitive damages are not measured against actual injury to the Plaintiff, and are left wholly to the discretion of the jury, there is no objective standard that limits the amount of such damages as may be awarded, and the amount of punitive damages that may be awarded is determinate at the time of the defendant's alleged egregious conduct;

   xiii) The tests or standards for the imposition of punitive damages differ from state to state such that a specific act or omission of a given defendant may or may not result in the imposition of punitive damages, or may result in differing amounts of punitive damages, depending upon the state in which suit is filed, such that the defendant is denied equal protection of the law;

   xiv) Punitive damages may be imposed without a requisite showing of hatred, spite, ill will or wrongful motive;

   xv) Grossly excessive or arbitrary punishments may be imposed on a party;

   xii) There is no notice of the severity of punishment that may be inflicted for any particular conduct;

xiii)   Punitive damages allow for the arbitrary deprivation of property;

xiv)    Punitive damages allow for a great disparity between the actual harm suffered and the punitive damages awarded;

Punitive damages allow for punishment that is unreasonable and not proportionate to the amount of harm plaintiff has suffered and the amount of damages awarded.

89.     For further answer and affirmative defense, Defendant Blackburn states that the "Punitive Damages" claim of Plaintiff's Complaint does not state a claim for punitive damages because it violates Article I, Section 2 and Article I, Section 12 of the Illinois Constitution.

WHEREFORE, Blackburn requests that Plaintiff's Complaint be dismissed in its entirety, that the relief prayed for therein be denied, and that Blackburn be permitted to recover from Plaintiff all costs and attorney's fees incurred herein.

> s/ Charles E. Reis, IV
> Charles E. Reis, IV ##6186508
> BROWN & JAMES, P.C.
> Attorneys for Defendant
> 1010 Market Street, 20th Floor
> St. Louis, Missouri 63101
> (314) 421-3400
> (314) 421-3128 FAX
> creis@bjpc.com

A copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on this 17th day of November, 2006, upon the following: Mr. Edmond H. Rees, Attorney for Plaintiff, Three First National Plaza, 70 West Madison, Suite 1400, Chicago, Illinois 60602 and to Amanda Farahany, LLP, Co-counsel for plaintiff, 1401 Peachtree Street N.E., Suite 101, Atlanta, Georgia 30309.

> s/ Charles E. Reis, IV

8025940