IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No:   06-3205-JES-CHE |
| ) | |
| BLACKBURN COLLEGE, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Now Comes Plaintiff, JANE DOE, and for her response to Defendant Blackburn College's Motion to Dismiss the "State Law Claims" of Plaintiff's Complaint, respectfully states the following:

1. Although not so stating, defendant presumably brings its motion under Rule 12(b)(6).

2. A motion to dismiss under Rule(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. Fed R. Civ. P. 12(b)(6). In reviewing a motion to dismiss, the court must review all facts alleged in the complaint and any inferences reasonably drawn in the light most favorable to the plaintiff. Autry v. Northwest Premium Services, Inc., 144 F.3d 1037, 1039 (7th Cir. 1998)(citing Caldwell v. City of Elwood, 959 F.2d 670, 671 (7th Cir. 1992)). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts" in support of her claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed.2d 80, 84, 78 S.Ct. 99, 101 (U.S. 1957). Plaintiff has alleged facts sufficient to support her claim.

3. Defendant presumes that the conduct complained of constitutes ordinary negligence.

4. Yet, the facts alleged in the complaint, taken as a whole, manifest Defendant's willful and wanton misconduct. Plaintiff is a student attending Blackburn at its invitation, paying tuition, on campus for the purpose of receiving an education Blackburn promises to provide and yet, Blackburn fails to make its campus safe.

5. The facts and holding of the Leonardi case cited by Defendant do not apply here because in Leonardi, Plaintiff college student was assaulted at a fraternity in the very late hours of evening or early morning. The court in Leonardi recognized that a college student may be a business invitee of the school and that the school has duties of providing safety to its students from the acts of third parties if the attack occurred on campus or at school activities. Leonardi v. Bradley University, 625 N.E.2d 431 (1994). Here, Plaintiff has alleged that the attack took place on campus and that after the attack, the college chose not to protect her from further attacks when steps could have been taken to provide for her safety. This is the type of conduct that the college cannot be immune from.

6. Blackburn misinforms the court when it states "Plaintiff maintains that Blackburn had a duty to protect students from 'unlawful acts of third parties on their premises'" at Complaint, paragraph 37. What Plaintiff, in fact, pled was that Blackburn owed a duty of care to Plaintiff to keep their premises safe from unforeseeable unlawful acts of third parties on their premises.

7. Plaintiff has alleged facts sufficient to state a cause of action. In addition to the pre-attack conduct of Blackburn alleged, Blackburn, after the rape, when it could

have assigned Plaintiff an escort, acted deliberately indifferent to Plaintiff when it informed her that it could not protect her from future assaults on campus.

8. Without conceding Blackburn's Motion to Dismiss, Plaintiff files contemporaneously herewith her Motion for Leave to File First Amended Complaint Instanter, with First Amended Complaint attached, which supplies additional facts relative to the state law claims.

WHEREFORE, Plaintiff prays Blackburn's Motion to Dismiss the "State Law Claims" of Plaintiff's Complaint be denied.

Respectfully Submitted,

_____
Jacqueline Brandenburg-Rees, 02301008
BRANDENBURG-REES & REES
Attorneys for Plaintiff
128 South Broad Street, P.O. Box 556
Carlinville, IL  62626
(888) 854-2603
(217) 854-9569  Fax

A copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system this 11th day of January, 2007, upon the following: Charles E. Reis, IV, 1010 Market Street, 20th Floor St. Louis, Missouri  63101.