01/11/2007 02:42 FAX  8476900419         PLATINUM FINANCIAL              ☒001/012
Jan 11 07 02:29p    Brandenburg-Rees & Rees      3122143294                p.2

3:06-cv-03205-JES-CHE    # 9    Page 1 of 12

E-FILED
Thursday, 11 January, 2007 03:41:59 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No: 06-3205-JES-CHE |
| BLACKBURN COLLEGE, ) | |
| ) | |
| Defendant ) | JURY DEMAND |

## MOTION FOR LEAVE TO FILE INSTANTER FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, JANE DOE, by and through her attorneys, Brandenburg-Rees & Rees, and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, moves this Court for an Order granting Plaintiff leave to file the proposed First Amended Complaint (proposed pleading filed and served herewith). In support of this motion, Plaintiff states:

1. This case arises out of a college campus rape.

2. Plaintiff seeks to amend its complaint by providing additional allegations as to the Plaintiff's location and activities conducted on the campus when the rape occurred.

3. Further, although the relationship between Plaintiff and Defendant can be inferred from the college-student relationship, Plaintiff seeks to amend its complaint by providing additional allegations as to the relationship.

4. Attached hereto is the proposed First Amended Complaint.

WHEREFORE, based upon the foregoing, Plaintiff respectfully prays that the Court grant her leave to file instanter her First Amended Complaint.

Respectfully Submitted,

*[signature]*

Jacqueline Brandenburg-Rees, 02301008
BRANDENBURG-REES & REES
Attorneys for Plaintiff
128 South Broad Street, P.O. Box 556
Carlinville, IL 62626
(888) 854-2603
(217) 854-9569 Fax

    A copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system this 11th day of January, 2007, upon the following: Charles E. Reis, IV, 1010 Market Street, 20th Floor St. Louis, Missouri 63101.

*[signature]*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE, ) | |
| Plaintiff, ) | |
| v. ) | No: 06-3205-JES-CHE |
| BLACKBURN COLLEGE, ) | |
| Defendant. ) | JURY DEMAND |

### FIRST AMENDED COMPLAINT FOR DAMAGES

**NOW COMES**, Plaintiff, by and through undersigned counsel, and files this her First Amended Complaint For Damages, and pursuant to Fed.R.Civ.P.7 and Fed.R.Civ.P.8(a)(1), sets forth her claims for relief as follows:

### JURISDICTION

1. The basis of jurisdiction is 28 U.S.C. Sec. 1337, which confers jurisdiction on actions arising under acts of Congress, regulating commerce in the District Court of the United States. Plaintiff also invokes this Court's pendant jurisdiction to hear Plaintiff's state law claims. This action is brought pursuant to Title IX of the Education Acts of 1972, as amended, 20 U.S.C. Section 168(a), *et seq.* and for claims arising out of state common law.

### VENUE

2. Venue is based upon 28 U.S.C. Section 1391(b). Plaintiff and Blackburn College are residents of the State of Illinois, residing in Macoupin County, Illinois. Venue is proper in this Court.

## PARTIES

3. At all times concerned, Plaintiff ("Doe") was a full-time matriculating student at Defendant Blackburn College

4. Defendant Blackburn College ("Blackburn") is a school of higher education with its main office located in Macoupin County, Illinois. Defendant Blackburn College is a recipient of federal funds.

5. Unknown Assailant is a male, believed at all times to be a Blackburn College student in Macoupin County, Illinois.

## SUBSTANTIVE ALLEGATIONS

6. Plaintiff entered Blackburn College campus as a student at the express invitation of Blackburn College.

7. Blackburn College is in the business and activity of offering college educations to its students, one of whom was the Plaintiff.

8. Plaintiff was on the campus of Blackburn College studying at the campus library and took a study break outside the library when an assailant, believed to be another Blackburn College student, came up behind Plaintiff, grabbed Plaintiff, dragged Plaintiff into the woods, adjacent to the library, and raped the Plaintiff.

9. That students, including Plaintiff, of Blackburn College pay tuition to Blackburn College.

10. Blackburn College owns the real property known as Blackburn College located in Macoupin County, Illinois (hereinafter the "Premises") upon which its school and campus reside.

11. Blackburn provides on-campus housing to its students and its students are encouraged to reside on campus.

12. As a college, Blackburn creates a concentration of young men and women on it campus.

13. Students come to college not fully prepared for the freedoms of an adult life without the continued active intervention of family and the active guidance of the college.

14. Because students are living on their own for the first time and there are large concentrations of young men and women in densely populated forms, it is more likely that crimes, particularly sexual assault, will occur on the college campus.

15. Authoritative studies have shown that one in four college women are the victim of sexual assault or attempted rape while in college.

16. Authoritative studies have further found that of the sexual assaults that occur on campus, 80-90% occur between acquaintances.

17. It is foreseeable that sexual assault occurs on campus to young college women.

18. Rape on college campuses is preventable.

19. Blackburn promises safety and security to its students.

20. Blackburn maintains a force of campus security on its campus.

21. Blackburn takes actions to ensure safety on its campus.

22. Blackburn takes actions to protect its students from sexual assault.

23. Because of the affirmative steps Blackburn takes to ensure safety to its students, Blackburn must ensure the safety of its students in a non-negligent manner.

24. Blackburn failed to have adequate lighting on its campus.

25. Blackburn failed to have competent and sufficient security on campus.

26. Blackburn failed to have fencing or other barriers so that its students cannot be dragged into the woods and raped.

27. Blackburn failed to barricade sections of campus where crimes might occur.

28. Blackburn underreports its campus annual crime statistics.

29. In the fall of 2004, Blackburn received a complaint from Jane Doe that she had been sexually assaulted on campus by an unknown assailant, believed by Doe to be a Blackburn student.

30. After another incident of sexual harassment, Blackburn informed Doe that it could not protect her on campus.

31. Doe left school shortly thereafter.

### PLAINTIFF'S CLAIMS FOR RELIEF

#### Title IX   Sexual Harrassment

32. Blackburn had actual notice that Doe had been sexually assaulted on campus by and through an official with the ability to take actions to prevent further harassment and to protect Doe.

33. Blackburn's decision that it could not protect Doe was clearly unreasonable in light of the known circumstances.

34. Blackburn's choice to inform Doe that it could not protect Doe on campus showed deliberate indifference to the complaints of sexual harassment and assault.

35. Blackburn's choice not to take remedial action to protect Doe on campus showed deliberate indifference to the complaints of sexual harassment and assault.

36. Blackburn's deliberate indifference in failing to protect Plaintiff before and after the rape deprived Plaintiff of access to the educational opportunities and benefits provides by the school in violation of Title IX of the Education Act of 1972, as embodied in 20 U.S.C. Section 1681(a), *et seq*.

37. As a direct and proximate result of Blackburn's violation of Plaintiff's Title IX rights, Plaintiff has sustained severe and permanent emotional and physical injury to her body and psyche. Moreover, Plaintiff has incurred medical expenses and other out-of-pocket expenses for the treatment of these injuries and expects to incur further expenses into the indefinite future.

38. As a further direct and proximate result of the violation of Plaintiff's Title IX rights by Blackburn, Plaintiff has lost wages, has had her earnings capacity diminished, has experienced a loss of enjoyment of life and has otherwise suffered great pain of both body and mind.

### Title IX – Sex Discrimination

39. Blackburn is required as a recipient of federal financial assistance to adopt and publish internal grievance procedures to promptly and equitably resolve complaints alleging discrimination on the basis of sex.

40.  Blackburn is required to establish and maintain a mechanism so that Blackburn in continually apprised of and evaluates possible discriminatory policies and procedures and to develop strategies to correct discrimination.

41.  Blackburn is required to inform complainants of sexual harassment of the final results of a sexual assault case.

42.  Blackburn's failure to establish an appropriate grievance procedure for sexual assault and steps to correct it, and allowing Doe to be sexually harassed and told by Blackburn that it could not protect her, violated Plaintiff's right to an education free from discrimination.

43.  As a direct and proximate result of Blackburn's violation of Plaintiff's Title IX rights, Plaintiff has sustained severe and permanent emotional and physical injury to her body and psyche. Moreover, Plaintiff has incurred medical expenses and other out-of-pocket expenses for the treatment of these injuries and expects to incur further such expenses into the indefinite future.

44.  As a further direct and proximate result of the violation of Plaintiff's Title IX rights by Blackburn, Plaintiff has lost wages, has had her earnings capacity diminished, has experienced a loss of enjoyment of life and has otherwise suffered great pain of both body and mind.

## STATE LAW CLAIMS FOR RELIEF

45.  At all times relevant hereto, Blackburn owed a duty of care to Plaintiff to keep their premises safe and to protect Plaintiff from foreseeable unlawful acts of third parties on their Premises.

46. At all times relevant hereto, Blackburn College and Plaintiff had a relationship to one another consisting of Blackburn inviting Plaintiff on its campus to receive an education and to pay tuition therefore.

47. At all times relevant hereto, Plaintiff was in the furtherance of legitimate activities on campus consisting of studying at the campus library and taking a break from studying outside the library on campus grounds.

48. At all times relevant hereto, Blackburn acknowledged and recognized the need for security, and thus owed a duty of care to Plaintiff to provide adequate security on and about its Premises.

49. At all times relevant hereto, Blackburn assumed the duty to protect its students from sexual assault.

50. At all times relevant hereto, Blackburn assumed the duty to ensure the safety of its students.

51. At all times relevant hereto, Blackburn had a duty to warn its students regarding crimes on its property.

52. At all times relevant hereto, Blackburn had a duty to warn its students about the dangers inherent on the college campus and between its students.

53. At all times relevant hereto, it was foreseeable that sexual assault would occur between college students at Blackburn.

54. At all times relevant hereto, Blackburn had actual knowledge of sexual assault on its campus directed against Doe.

55. At all times relevant hereto, Blackburn had a duty to protect students from dangerous conditions on its property and reasonably foreseeable criminal activity.

56. At all times relevant hereto, Blackburn had a duty to protect students from dangerous conditions by its students.

57. With reckless indifference, Blackburn ignored the circumstances that a reasonable person would interpret as leading to injury.

58. Blackburn breached its duty of care to Plaintiff.

59. Blackburn's breach of it s duty proximately caused Plaintiff harm.

60. As a result of Blackburn's breach of it duty, Plaintiff has suffered emotional distress, physical disfigurement, post-traumatic stress and depression and has been unable to function in her normal capacities.

## PUNITIVE DAMAGES

61. Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

62. The foregoing acts of Defendant Blackburn were intentional and humiliating. Blackburn's acquiescence in the sexual harassment and sexual assault of its student further evinces a conscious disregard for the circumstances and rights of others, and a specific intent to cause harm. Plaintiff is accordingly entitled to recover from Defendants, in addition to her compensatory damages, an award of punitive damages under the law of Illinois and Title IX to punish Defendant Blackburn, or to deter it from repeating such wrongful acts.

63. As an alternative to any pecuniary loss suffered by Plaintiff, she has suffered injury to her peace, happiness, and feelings as a result of the wrongful acts of Defendant and in such even is entitled to recover vindictive damages provides by Federal law.

64. The foregoing acts of Defendant evince a species of bad faith that entitles the Plaintiff to recover her necessary expenses of litigation, including an award of reasonable attorneys fees.

WHEREFORE, Plaintiff prays:

(a) That the Court adjudicate and declare that the conduct of Blackburn and its practices and policies complained of herein violates the Plaintiff's rights as secured under Title IX;

(b) That the Court order Blackburn College to make the Plaintiff whole under Title IX by providing the appropriate back pay and reimbursement for any benefits in an amount to be shown at trial, and other appropriate relief;

(c) That Plaintiff has and recovers against Defendant a Judgment for compensatory damages sustained as a result of Defendant's wrongful acts, including damages for emotional distress sustained by the Plaintiff, in such an amount as the jury determines to be appropriate under the circumstances;

(d) That Plaintiff has and recovers against Defendants a Judgment for punitive damages as a result of the Defendant's willful, wanton and malicious conduct in such an amount as the jury determines to be appropriate under the circumstances;

(e) That the Plaintiff has and recovers her necessary expense for litigation, including reasonable attorneys fees;

(f) That the Plaintiff has and recovers her pre-judgment interest for all general and specific damages sustained by Plaintiff;

(g) That the cost of this action be assessed upon the Defendants; and

(h) That the Plaintiff be awarded such other and further relief as this Court may deem proper.

Respectfully Submitted,

JANE DOE, Plaintiff

By: _____
Jacqueline Brandenburg-Rees
One of Her Attorneys

Jacqueline Brandenburg-Rees
ARDC #02301008
BRANDENBURG-REES & REES
Three First National Plaza
70 West Madison, Suite 1400
Chicago, Illinois 60602
888-854-2603