E-FILED
Friday, 26 January, 2007 01:21:10 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 06-3205** |
| | ) | |
| **BLACBKBURN COLLEGE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION TO COMPEL THE CARLINVILLE POLICE DEPARTMENT**

NOW COMES Plaintiff, JANE DOE, by and through her attorneys, BRANDENBURG-REES & REES, and moves this Court, pursuant to Federal Rule of Civil Procedure 45, for an order compelling Carlinville Police Department to produce documents pursuant to subpoena, and for its motion states as follows:

1. Plaintiff issued a subpoena to Carlinville Police Department on October 13, 2006. (Attached as Exhibit A).

2. Pursuant to the subpoena, Carlinville Police Department was commanded to produce, "Copies of all complaints of criminal activities or crimes reported as occurring from 1999-2004." Exhibit A.

3. Counsel for the City of Carlinville provided a written objection on October 19, 2006, claiming the subpoena is "overly broad and burdensome." (Attached as Exhibit B).

4. Plaintiff's counsel responded on October 23, 2006, stating that the subpoena was not overly broad or burdensome and the Plaintiff expected the Carlinville Police Department to comply or file the appropriate motion. (Attached as Exhibit C).

However, the Carlinville Police Department refused to comply and did not file a Motion to Quash or Modify the subpoena under Fed. R. Civ. P. 45(c)(3).

5. Plaintiff filed a new subpoena limiting the scope to records for complaints of criminal activities or crimes reported or occurring on Blackburn College Campus during the same period. (Attached as Exhibit D).

6. Once again, the Carlinville Police Department has provided Plaintiff with a written objection to the subpoena (Attached as Exhibit E) but has not filed a Motion to Quash or Modify the subpoena under Fed. R. Civ. P. 45(c)(3).

7. Under Fed. R. Civ. P. 45(c)(3), the Carlinville Police Department has the burden of showing that the subpoena is subject to quashal or modification by making a timely motion.

8. Over three months have passed since the Plaintiff first issued the subpoena to the Carlinville Police Department and they have neither complied nor filed an appropriate motion.

9. "If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production." Fed.R.Civ.P. 45(c)(2)(B).

WHEREFORE, for all of the above reasons, Plaintiff respectfully requests this Court compel Carlinville Police Department to comply with the subpoena.

Respectfully Submitted,

By: ______________________
Jacqueline Brandenburg-Rees

Jacqueline Brandenburg-Rees
Attorney No: 41385
BRANDENBURG-REES & REES
Attorneys at Law
Three First National Plaza
70 W. Madison St., Ste. 1400
Chicago, IL 60602
(888) 854-2603

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

JANE DOE, Plaintiff,
V.
BLACBURN COLLEGE, Defendant.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06-3205

TO: Carlinville Police Department
570 North Broad
Carlinville, IL 62626

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Copies of all complaints of criminal activities or crimes reported as occurring from 1999-2004.

| PLACE | DATE AND TIME |
|---|---|
| Brandenburg-Rees & Rees, 128 S. Broad St., Carlinville | November 7, 2006, @ 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Edmond H. Rees, Attorney for Plaintiff | 10/13/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Edmond H. Rees
128 S. Broad St., P.O. Box 556, Carlinville, IL 62626
217-854-2602

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT
A
tabbies

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 10/13/2006 | Certified Mail |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 10/13/2006
DATE

[signature] Edmond K Rees
SIGNATURE OF SERVER

128 S. Broad St., P.O. Box 556
ADDRESS OF SERVER

Carlinville, IL 62626

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

HEBRON & HEBRON
Attorneys at Law
516 North Side Square
Carlinville, IL 62626

William S. Hebron
M. E. Hebron (1918-2002)

Telephone: 217/854-5043
email: willhebron@frontiernet.net

October 19, 2006

Mr. Edmond Rees
Attorney at Law
128 S. Broad St.
P. O. Box 556
Carlinville, IL 62626

Re: Jane Doe v. Blackburn College
Case No. 06-3205
United States District Court
Central District of Illinois

Dear Ed:

I represent the City of Carlinville, Illinois.

Please be advised the City objects to the subpoena in the above matter because it is overly broad and burdensome.

Very truly yours,

HEBRON & HEBRON

William S. Hebron

WSH/vh

EXHIBIT
B
tabbies

FROM : BRANDENBURG-REES & REES PHONE NO. : 217 854 9369 Nov. 29 2006 09:49AM P4

# BRANDENBURG-REES & REES

ATTORNEYS AT LAW

EDMOND H. REES
JACQUELINE BRANDENBURG-REES

TERRANCE S. LEEDERS
SEAN CHAUDHURI
OF COUNSEL

October 23, 2006

William S. Hebron
Attorney at Law
516 North Side Square
Carlinville, IL 62626

**RE: Jane Doe v. Blackburn College**
**Case No. 06-3205**

Dear Will:

In response to your letter of October 19, have you determined how many reports of crimes or criminal activities on Blackburn's campus we are talking about? I do not believe the subpoena is overly broad or burdensome. The information subpoenaed is critical to the case and plaintiff is in entitled to this information. You have supplied no valid basis for noncompliance with the subpoena and I will expect compliance. Or, you may file a motion in federal court.

Very truly yours,

Jacqueline Brandenburg-Rees

JBR/ab

Three First National Plaza
70 West Madison Street
Suite 1400
Chicago, IL 60602
Ph. (312) 214-3292
Fax (312) 214-3294

20 East Jackson
Suite 850
Chicago, IL 60604
Ph. (312) 427-7400

128 South Broad Street
Post Office Box 556
Carlinville, IL 62626-0556
Ph. (217) 854-2602
Fax (217) 854-9369

Toll Free (888) 854-2603

Web Site www.reeslawyers.com

EXHIBIT C

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

JANE DOE, Plaintiff,
V.
BLACKBURN COLLEGE, Defendant.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06-3205

TO: Carlinville Police Department
570 North Broad
Carlinville, IL 62626

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Copies of all complaints of criminal activities or crimes reported as occurring on Blackburn College's campus, Carlinville, Illinois for the years 1999-2004.

| PLACE | DATE AND TIME |
|---|---|
| Brandenburg-Rees & Rees, 128 S. Broad St., Carlinville | January 26, 2007, @ 10:00 a.m |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Edmond H. Rees, Attorney for Plaintiff | January 9, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Edmond H. Rees
128 S. Broad St., P.O. Box 556, Carlinville, IL 62626 (217)854-2602

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT
tabbies
D

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 01/09/07 | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 01/09/2007
DATE

[signature]
SIGNATURE OF SERVER

128 S. Broad St., P.O. Box 556
ADDRESS OF SERVER

Carlinville, IL 62626-0556

**Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

HEBRON & HEBRON
Attorneys at Law
516 North Side Square
Carlinville, IL 62626

William S. Hebron
M. E. Hebron (1918-2002)

Telephone: 217/854-5043
email: willhebron@frontiernet.net

January 18, 2007

Ms. Jacqueline Brandenburg-Rees
Attorney at Law
P. O. Box 556
Carlinville, IL 62626

Re: Doe v. Blackburn, Case No. 06-3205

Dear Jackie:

The City of Carlinville objects to the new subpoena in the above matter because it is overly broad and burdensome. The City would be required to review 6 years of records for complaints of criminal activities or crimes reported or occurring on Blackburn College Campus. This is no small task and will require a lot of time and effort to locate the documents, review them for any confidentiality issues, and copy them.

Nonetheless, the City will provide you with the information if you are willing to pay the cost for doing it. It will cost the City $21.00 per hour to employ the people who would do this and the City would charge $10.00 per report concerning each complaint.

If you are willing to pay the cost associated with this, please contact me so we can discuss it.

Very truly yours,

HEBRON & HEBRON

William S. Hebron

WSH/vh

EXHIBIT
tabbies
E

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 06-3205** |
| | ) | |
| **BLACBKBURN COLLEGE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that Plaintiff's Motion to Compel Carlinville Police Department was electronically filed on Jan. 26, 2007 and thus served on all parties. Plaintiff's Motion to Compel was mailed to the Carlinville Police Department by depositing the same in the U.S. Mail on Jan. 26, 2007 at 70 W. Madison St., Chicago, IL, by 5:00 p.m. with proper postage prepaid.

By: [signature]
Jacqueline Brandenburg-Rees

Jacqueline Brandenburg-Rees
Attorney No: 41385
BRANDENBURG-REES & REES
Attorneys at Law
Three First National Plaza
70 W. Madison St., Ste. 1400
Chicago, IL 60602
(888) 854-2603