E-FILED
Wednesday, 31 January, 2007  03:56:22 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE, ) | |
|  ) | |
|    Plaintiff, ) | |
|  ) | |
| vs. ) | No.:  06-3205 |
|  ) | |
| BLACKBURN COLLEGE, ) | |
|  ) | |
|    Defendant. ) | |

**DEFENDANT BLACKBURN COLLEGE'S MOTION TO DISMISS THE "STATE LAW CLAIMS" OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant Blackburn College ("Blackburn") and for its Motion to Dismiss the "State Law Claims" of Plaintiff's First Amended Complaint, states as follows:

1.  Plaintiff alleges that she was sexually assaulted on Blackburn's campus by an unidentified assailant. See First Amended Complaint, ¶¶ 5, 8, 29.

2.  Between Paragraphs 44 and 45, Plaintiff has stated "State Law Claims for Relief," which is a single claim for ordinary negligence against Blackburn College in accordance with Rule 10(b) of the Federal Rules of Civil Procedure, which requires that each claim shall be stated in a separate count.

3.  For her "State Law Claims", Plaintiff maintains that Blackburn had a duty to protect students from "unlawful acts of third parties on their premises." See First Amended Complaint, ¶ 45.

4.  Plaintiff's "State Law Claims for Relief" is a single claim of ordinary negligence, an alleged sexual assault of Plaintiff. See First Amended Complaint, ¶¶ 45-60 and Fed.R.Civ.P. 10(b).

**I.     PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED BECAUSE THEY DO NOT STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

5.     Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed for failure to state a claim upon which relief may be granted.

6.     "[I]n order to withstand a motion to dismiss, a complaint must allege the 'operative facts' upon which each claim is based." Winfield v. Chicago State University, 2006 WL 2524137, 2 (N.D. Ill. 2006).

**A.     BLACKBURN COLLEGE HAS IMMUNITY FROM ORDINARY NEGLIGENCE CLAIMS BECAUSE IT IS A PRIVATE SCHOOL**

7.     Under the Illinois School Code, schools are immune from ordinary negligence claims. 105 Ill. Comp. Stat. 5/24-24 (2006). *See also*, Henrich v. Libertyville High School, 712 N.E.2d 298, 302-303 (Ill. 1998).

8.     Illinois courts have determined that private schools are immune from claims of ordinary negligence, but not willful and wanton misconduct, under the Illinois School Code. Henrich v. Libertyville High School, 712 N.E.2d 298, 302-303 (Ill. 1998). *See also,* Merrill v. Catholic Bishop of Chicago, 290 N.E.2d 259 (Ill.App. 2d Dist. 1972); Brugger v. St. Joseph's Academy, Inc., 760 N.E.2d 135 (Ill.App. 1st Dist. 2001).

9.     "Willful and wanton misconduct must be manifested by the facts alleged in the complaint, and mere conclusory allegations or the mere characterization of certain acts as willful and wanton misconduct are insufficient to withstand a motion to dismiss." Rabel v. Illinois Wesleyan University, 514 N.E.2d 552, 558 (Ill.App. 4th Dist. 1987).

10.     Plaintiff's "State Law Claims" should be dismissed for failure to state a claim because Plaintiff's allegations are merely conclusory and provide insufficient facts upon which

the immunity protections afforded by the Illinois School Code would not be applicable to Plaintiff's claim.

### B.     BLACKBURN COLLEGE HAS NO DUTY TO PROTECT ITS STUDENTS FROM THE CRIMINAL ACTS OF THIRD PARTIES

11.     "To survive a motion to dismiss for failure to state a cause of action in negligence, the complaint must set out the existence of a duty owed by the defendant to the plaintiff, the breach of that duty, and injury proximately resulting from the breach."  Rabel v. Illinois Wesleyan University, 514 N.E.2d 552, 557 (Ill.App. 4th Dist. 1987).

12.     Illinois courts have determined that universities do not owe their students a duty of care to protect them from the intentional acts of third parties.  Leonardi v. Bradley University, 625 N.E.2d 431, 434 (Ill.App. 3rd Dist. 1994).  *See also*, Rabel v. Illinois Wesleyan University, 514 N.E.2d 552, 561 (Ill.App. 4th Dist. 1987).

13.     Plaintiff has not alleged facts which would create a duty upon Blackburn to protect Jane Doe from an alleged assault by an unidentified person, and therefore, Plaintiff Doe's "State Law Claims" should be dismissed for failure to state a claim upon which relief may be granted.

14.     Defendant Blackburn College adopts and incorporates by reference its Memorandum of Law in Support of its Motion to Dismiss contemporaneously with this Motion.

15.     Plaintiff's "State Law Claims for Relief" should be dismissed for failure to state a claim upon which relief may be granted.

WHEREFORE, Defendant Blackburn College requests that Plaintiff Jane Doe's "State Law Claims for Relief" be dismissed, along with other relief, as this court deems proper.

        s/Charles E. Reis, IV
Charles E. Reis, IV ##6186508
BROWN & JAMES, P.C.
Attorneys for Defendant
1010 Market Street, 20th Floor
St. Louis, Missouri 63101
(314) 421-3400
(314) 421-3128 FAX
creis@bjpc.com

A copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on this 31st day of January, 2007, upon the following: Ms. Jacqueline Brandenburg-Rees, Attorney for Plaintiff, Three First National Plaza, 70 W. Madison Street, Suite 1400, Chicago, Illinois and a copy was mailed to: Mr. Edmond H. Rees, Attorney for Plaintiff, 128 South Broad Street, Post Office Box 556, Carlinville, IL 62626 and to Amanda Farahany, LLP, Co-counsel for plaintiff, 1401 Peachtree Street N.E., Suite 101, Atlanta, Georgia 30309.



        s/Charles E. Reis, IV

8060566