IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )  No.: 06-3205 |
| | ) |
| BLACKBURN COLLEGE, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT BLACKBURN COLLEGE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS**

**PRELIMINARY STATEMENT**

Plaintiff Jane Doe alleges that she was a student at Blackburn College and that she was sexually assaulted on the school's campus. She has brought a First Amended Complaint for damages against Blackburn College ("Blackburn") alleging that the alleged sexual assault was caused by the breach of Blackburn's duty to protect her and is therefore in violation of state law.[1] Plaintiff has also brought separate sexual harassment and discrimination claims under Title IX of the Education Amendments of 1972, as amended, 20 U.S.C. Section 168(a), *et seq.*

Plaintiff's "State Law Claims" do not state a claim upon which relief may be granted because under Illinois law, private schools are immune from ordinary negligence claims pursuant to statutory law. 105 Ill. Comp. Stat. 5/24-24 (2006). *See also*, Henrich v. Libertyville High School, 712 N.E.2d 298, 302-303 (Ill. 1998). Plaintiff's "State Law Claims for Relief" is a single claim for ordinary negligence. See First Amended Complaint, ¶¶ 45-60 and Fed.R.Civ.P. 10(b). Plaintiff's First Amended Complaint fails to allege the sufficient facts necessary to

---

[1] Plaintiff has filed the First Amended Complaint in response to the Motion to Dismiss that was previously filed by Blackburn College. However, for the reasons stated in this Motion and Memorandum, the "State Law Claims" asserted in Plaintiff's First Amended Complaint still do not state a cause of action.

constitute willful and wanton misconduct that would lead a court to hold Blackburn liable. Furthermore, Plaintiff's allegations are insufficient to create a duty upon Blackburn as a university. Accordingly, Blackburn requests that Plaintiff's "State Law Claims" be dismissed, along with other relief, as this court deems proper.

## FACTS

Plaintiff has brought suit against Blackburn College, a school of higher education. See First Amended Complaint, ¶ 4. Plaintiff's "State Law Claims" is a single claim of ordinary negligence against Blackburn College. See First Amended Complaint, ¶¶ 45-60 and Fed.R.Civ.P. 10(b). Plaintiff alleges that she was sexually assaulted by an unidentified male. See First Amended Complaint, ¶ 5. Plaintiff alleges that she took a break from studying outside the library when an assailant "believed to a Blackburn College student" came up from behind Plaintiff, dragged her into the woods, and raped her. See First Amended Complaint, ¶ 8. Plaintiff has alleged that Blackburn failed to have adequate lighting, sufficient security, fencing to prevent student from being dragged off to the woods and raped, barricade sections of campus where crimes might occur, and properly report crime statistics. See First Amended Complaint, ¶¶ 24-28. Plaintiff also alleges that Blackburn has a duty to protect students from sexual assault. See First Amended Complaint, ¶ 49. Plaintiff also alleges that Blackburn has a duty to provide adequate security, protect its students from assault, and warn its students of dangers and crimes. See First Amended Complaint, ¶¶ 48-52, and 56. "With reckless indifference, Blackburn ignored the circumstances that a reasonable person would interpret as leading to injury." See First Amended Complaint, ¶ 57. Plaintiff alleges that Blackburn breached its duty to protect her and that it's breach of this duty caused the Plaintiff harm. See First Amended Complaint, ¶¶ 58-60. Plaintiff also alleges that "Blackburn's acquiescence in the sexual harassment and sexual

assault of its student further evinces a conscious disregard for the circumstances and rights of others, and a specific intent to cause harm." See First Amended Complaint, ¶ 62.

**ARGUMENT**

I. **PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED BECAUSE THEY DO NOT STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed for failure to state a claim upon which relief may be granted. Plaintiff's "State Law Claims" allege ordinary negligence relating to Defendant's failure to protect her from sexual assault on campus.

A. **BLACKBURN COLLEGE HAS IMMUNITY FROM ORDINARY NEGLIGENCE CLAIMS BECAUSE IT IS A PRIVATE SCHOOL**

Pursuant to Illinois statute, schools have immunity from negligence claims. 105 Ill. Comp. Stat. 5/24-24 (2006). *See also*, Henrich v. Libertyville High School, 712 N.E.2d 298, 302-303 (Ill. 1998). Illinois courts have determined that private schools are immune from ordinary negligence liability under the Illinois School Code. Henrich v. Libertyville High School, 712 N.E.2d 298, 302-303 (Ill. 1998). *See also*, Merrill v. Catholic Bishop of Chicago, 290 N.E.2d 259 (Ill.App. 2d Dist. 1972); Brugger v. St. Joseph's Academy, Inc., 760 N.E.2d 135 (Ill.App. 1st Dist. 2001). For a private school to be liable for negligence, the plaintiff must establish that the school acted willfully and wantonly. Baikie v. Luther High School South, 366 N.E.2d 542, 545 (Ill.App. 1st Dist. 1977). **Furthermore, "in order to withstand a motion to dismiss, a complaint must allege the 'operative facts' upon which each claim is based." Winfield v. Chicago State University, 2006 WL 2524137, 2 (N.D. Ill. 2006)** (*emphasis added*).

"To sufficiently plead willful and wanton misconduct, a plaintiff must allege either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of

3

the plaintiff." Doe v. Dimovski, 783 N.E.2d 193, 200 (Ill.App.2d Dist. 2003). Furthermore, "[w]illful and wanton misconduct must be manifested by the facts alleged in the complaint, and mere conclusory allegations or the mere characterization of certain acts as willful and wanton misconduct are insufficient to withstand a motion to dismiss." Rabel v. Illinois Wesleyan University, 514 N.E.2d 552, 558 (Ill.App. 4th Dist. 1987).

In this case, Jane Doe has not alleged sufficient facts to constitute willful and wanton misconduct in her "State Law Claims." Plaintiff has made allegations that there was insufficient security lighting, fencing and barricades. See First Amended Complaint, ¶¶ 24-28. Further, Plaintiff has alleged that Blackburn failed to provide adequate security, protect its students from assault, and warn its students of dangers and crimes. See First Amended Complaint, ¶¶ 48-52, and 56. However, these allegations are insufficient to establish any willful and wanton conduct on the part of Blackburn. Winfield, 2006 WL 2524137 at 2. Further, without any factual allegations in the Complaint to support conduct that is willful and wanton, Plaintiff makes the conclusory allegations that "[w]ith reckless indifference, Blackburn ignored the circumstances that a reasonable person would interpret as leading to injury," and "Blackburn's acquiescence in the sexual harassment and sexual assault of its student further evinces a conscious disregard for the circumstances and rights of others, and a specific intent to cause harm." See First Amended Complaint, ¶ 57 and 62. Simply to make the allegation that Blackburn acted "with reckless indifference" or in "conscious disregard" without any factual allegations to support those conclusions, is insufficient to avoid immunity under the Illinois School Code. 105 Ill. Comp. Stat. 5/24-24 (2006).

Plaintiff's allegations in the First Amended Complaint for the "State Law Claims" are merely conclusory, and Plaintiff failed to allege sufficient facts upon which the immunity

protections afforded by the Illinois School Code would not be applicable. Therefore, Plaintiff's "State Law Claims" should be dismissed for failure to state a claim upon which relief may be granted.

### B. BLACKBURN COLLEGE HAS NO DUTY TO PROTECT ITS STUDENTS FROM THE CRIMINAL ACTS OF THIRD PARTIES

Blackburn College had no duty to protect Jane Doe from the criminal actions of a third party under state common law. "To survive a motion to dismiss for failure to state a cause of action in negligence, the complaint must set out the existence of a duty owed by the defendant to the plaintiff, the breach of that duty, and injury proximately resulting from the breach." Rabel v. Illinois Wesleyan University, 514 N.E.2d 552, 557 (Ill.App. 4th Dist. 1987). *See also*, Leonardi v. Bradley University, 625 N.E.2d 431 (Ill.App. 3rd Dist. 1994). Furthermore, "[t]he existence of a duty, that is, a legal obligation to conform one's conduct to a certain standard for the benefit or protection of another, is a matter of law to be determined by the court." Rabel, 514 N.E.2d at 557.

To see whether the law will impose a duty, the court will look at the "the likelihood of injury from the existence of a condition, the magnitude of guarding against it, and the consequence of placing the burden upon the defendant." Id. Ultimately, if there is an "absence of allegations of fact from which the law will raise a duty," the dismissal of the pleading on a motion is justified. Id.

In Rabel, the plaintiff student alleged that the university she attended was a "'strong, disciplined, religious, private, expensive and exclusive University' which due to its policies, regulations and handbook created a 'special relationship' with its students and a corresponding duty to protect its students against the alleged misconduct of a fellow student." Id. at 558. The court in Rabel stated that the "modern college student" is considered an adult and "not a child of

5

tender years." Id. at 559-60. Therefore, the "university's responsibility to its students, as an institution of higher education, is to properly educate them." Id. at 560. There is no duty for the university to ensure the safety of their students or to protect them because this would be an unrealistic duty to impose on the university. Id. at 560-61.

In Rabel, the plaintiff also alleged that since the university provided security personnel and security devices within the buildings, that there was a contractual duty to provide protection to the students. Id. at 562. The court held that there was no duty for the university, even though they provided some security, to protect the students and it was properly dismissed. Id.

In another Illinois case, the plaintiff alleged that the university "knew or should have known that it was reasonably foreseeable she would be the victim of sexual assault while attending [the university] as a student." Leonardi v. Bradley University, 625 N.E.2d 431, 433 (Ill.App. 3rd Dist. 1994). The plaintiff further alleged that the university "failed to take reasonable and necessary precautions to protect her from sexual assault" and that "she was raped as a direct and proximate result of [the university's] negligence." Id. In that case, the plaintiff was sexually assaulted in an on-campus fraternity house by another student. Id. at 435. The court held that the university had "no duty to protect plaintiff from the criminal acts which she alleged occurred." Id. at 433.

In this case, Jane Doe does not allege the operative facts from which a duty to protect her arises. *See* Winfield v. Chicago State University, 2006 WL 2524137, 2 (N.D. Ill. 2006). Under Illinois law, Plaintiff's mere allegation that Blackburn College has security personnel is not enough to establish a duty to protect students from the criminal acts of third parties. See First Amended Complaint, ¶ 20. *See also*, Rabel, 514 N.E.2d at 562.

6

Plaintiff further alleges that Blackburn College had a duty to protect its students from sexual assault and from criminal activities. <u>See</u> First Amended Complaint, ¶¶ 49, 50. In addition, Plaintiff alleges that Blackburn had a duty to ensure their students' safety. <u>See</u> First Amended Complaint, ¶ 50. These allegations are insufficient to create a duty upon Blackburn to protect Plaintiff from the criminal acts of unknown third parties. <u>Rabel v. Illinois Wesleyan University</u>, 514 N.E.2d 552, 557 (Ill.App. 4th Dist. 1987). *See also*, <u>Leonardi v. Bradley University</u>, 625 N.E.2d 431 (Ill.App. 3rd Dist. 1994). Blackburn's duty to Plaintiff was to properly educate her. <u>Rabel</u>, 514 N.E.2d at 560. Blackburn did not have the legal duty to protect Jane Doe from an alleged assault by an unidentified person. Therefore, Plaintiff Doe's state law claims should be dismissed for failure to state a claim upon which relief may be granted.

## **CONCLUSION**

Plaintiff's "State Law Claims for Relief" fail to state a claim upon which relief may be granted. Accordingly, Defendant Blackburn College requests that Plaintiff's "State Law Claims for Relief" be dismissed, along with such other relief as this court deems proper.

      s/Charles E. Reis, IV
Charles E. Reis, IV ##6186508
BROWN & JAMES, P.C.
Attorneys for Defendant
1010 Market Street, 20th Floor
St. Louis, Missouri 63101
(314) 421-3400
(314) 421-3128 FAX
creis@bjpc.com

A copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on this 31st day of January, 2007, upon the following: Ms. Jacqueline Brandenburg-Rees, Attorney for Plaintiff, Three First National Plaza, 70 W. Madison Street, Suite 1400, Chicago, Illinois and a copy was mailed to: Mr. Edmond H. Rees, Attorney for Plaintiff, 128 South Broad Street, Post Office Box 556, Carlinville, IL 62626 and to Amanda Farahany, LLP, Co-counsel for plaintiff, 1401 Peachtree Street N.E., Suite 101, Atlanta, Georgia 30309.

                s/Charles E. Reis, IV

8060564