E-FILED
Tuesday, 20 February, 2007  01:32:30 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 06-3205 |
| | ) |
| BLACKBURN COLLEGE, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE "STATE LAW CLAIMS" OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff, JANE DOE, by and through her attorneys, BRANDENBURG-REES & REES, and for her response to Defendant's Motion to Dismiss the "State Law Claims", and states as follows:

**I.   Plaintiff's State Law Claim Should *Not* Be Dismissed Because it Alleges More than Ordinary Negligence**

1.   Defendant first argues that Plaintiff's state law claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because schools are immune from ordinary negligence claims. (Defendant's Motion, ¶5 and ¶ 7).

2.   "Willfull and wanton conduct has been defined as follows: 'Conduct which is either intentional or committed under circumstances exhibiting a reckless disregard for the safety of others, such as failure, after knowledge of impending danger, to exercise ordinary care to prevent the injury or failure to discover the danger through recklessness or carelessness when it could have been discovered by ordinary care.'" *Templar v. Decatur Public School District No. 61*, 538 N.E.2d 195 (4th Dist. 1989).

3.   Plaintiff's state law claim alleges more than ordinary negligence by claiming that Defendant acted "with reckless indifference." (First Amended Complaint, ¶ 57). It is a basic premise that colleges should be charged with knowledge of events that occur and may foreseeably occur on its campuses. Plaintiff alleges that she was a college student and on campus at the express invitation of Blackburn, that Blackburn creates a concentration of young men and women, and that:

   a.   *"It was foreseeable that sexual assault would occur between college students at Blackburn."* (First Amended Complaint, ¶ 53). By inviting students to enroll at Blackburn and encouraging them to live on campus, Blackburn creates a concentration of young men and women, away from home for the first time, where crimes, particularly sexual assault, are likely to occur. (First Amended Complaint, Substantive Allegations, ¶ 6, 11, 12, 13) Studies have demonstrated that one in four college women is the victim of sexual assault on campus and that 80-90% of such assaults occur between acquaintances. (First Amended Complaint, Substantive Allegations, ¶ 15,16)

   b.   *"Blackburn had actual knowledge of sexual assault on its campus directed at Doe."* (First Amended Complaint, ¶ 54) After the initial crime of rape was committed, Plaintiff reported to Blackburn another incident of sexual harassment. Blackburn informed Doe that it could not protect her on campus. (First Amended Complaint, Substantive Allegations, ¶ 29,30)

   c.   *"Blackburn ignored the circumstances that a reasonable person would interpret as leading to injury."* (First Amended Complaint, ¶ 57).

4.     Plaintiff's allegations are not merely conclusory, especially as it is alleged that "Blackburn had actual knowledge of sexual assault on its campus directed against Doe." (First Amended Complaint, ¶ 54).

5.     Thus, sufficient facts have been pled for which relief can be granted.

## II.    Plaintiff's State Law Claim Should *Not* Be Dismissed Because Blackburn College *Does* Have a Duty to Protect its Students

6.     Defendant's second argument is that Plaintiff's state law claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because schools do not have a duty to protect students from criminal acts of third parties. (Defendant's Motion, ¶5 and ¶ 12).

7.     The Defendant cites *Leonardi v. Bradley University* and *Rabel v. Illinois Wesleyan University* in support of its claim. (Defendant's Motion, ¶ 12). However, neither case supports Defendant's position.

   a.     In *Leonardi*, the Court held that a female student who was assaulted in a fraternity house was not involved in any school-related activities at the time and, thus, the school did not owe her a duty. *Leonardi v. Bradley University*, 253 Ill.App.3d 685, 691 (Ill. App. 3rd Dist. 1993). Specifically, the Court noted, "There are *no* facts alleged in *either* complaint which show that plaintiff's location at the time of the assault was connected with any activity conducted or sponsored by Bradley or that Bradley received any benefit from her presence at the fraternity house." *Id*. Further, schools do owe a duty of care to protect "business invitees" from criminal acts of third parties. *Leonardi*, 253 Ill.App.3d at 690. "A person is a business invitee on the land of another if (1) the person enters by express or implied invitation; (2) the entry is connected with the owner's business or with an activity conducted by the owner on the land; and (3)

the owner receives a benefit." *Id.* The Court specifically notes that a student may be a business invitee of a university. *Id.* Plaintiff has alleged numerous facts to demonstrate that she was a business invitee on campus taking a study break from studying at the campus library. Blackburn owed her a duty of care.

        b.      In *Rabel*, the Court held that the university did not have a duty to protect a student from an injury resulting from a fraternity prank that occurred during a fraternity drinking party. *Rabel v. Illinois Wesleyan University*, 514 N.E.2d 552, 558 (Ill. App. 4th Dist. 1987). The Court explained that the university did nothing to impose a duty to protect a student in such a situation. *Id.* The Court went on to describe that while there is generally no duty to protect from the criminal acts of third parties, a party may assume such a duty by contracting with a third party to provide protection or security services. *Id.* at 562.

8.      Thus, Defendant's claim that Blackburn has no duty to protect its students from the criminal act of third parties has no supporting authority. The cases cited by Defendant support the imposition of a duty on the part of Blackburn College.

9.      Thus, sufficient facts have been pled for which relief can be granted.

WHEREFORE, for all of the above reasons, Plaintiff respectfully requests this Court deny Defendant's Motion to Dismiss.

Respectfully Submitted,

By: _____
Jacqueline Brandenburg-Rees

Jacqueline Brandenburg-Rees
Attorney No: 41385
BRANDENBURG-REES & REES
Attorneys at Law
Three First National Plaza
70 W. Madison St., Ste. 1400
Chicago, IL  60602
(888) 854-2603

## PROOF OF ELECTRONIC SERVICE

A copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on this 20th day of February, 2007, upon the following: Mr. Charles E. Reis, IV, Attorney for Defendant, 1010 Market Street, 20th Floor, St. Louis, Missouri.



Jacqueline Brandenburg-Rees