IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-3205 |
| | ) | |
| BLACKBURN COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Blackburn College's (Blackburn) Motion to Dismiss the "State Law Claims" of Plaintiff's First Amended Complaint (d/e 15).  Doe alleges that she was raped while attending Blackburn as a student.  She alleges sexual harassment and sex discrimination in violation of Title IX of the Education Act of 1972.  20 U.S.C. § 1681(a) et seq.  She also alleges supplemental state law claims.  Blackburn moves to dismiss the state law claims.  For the reasons set forth below, the Motion is DENIED.

STATEMENT OF FACTS

Doe alleges that Blackburn is a school of higher education.  She alleges

that Blackburn invited her and others to pay tuition and attend classes on Blackburn's campus. She alleges that it is foreseeable that women on Blackburn's campus will be subject to sexual assault. She alleges that Blackburn acted with reckless indifference to the foreseeable risks of sexual assault that women students face on its campus by failing to take proper steps to prevent such assaults. She alleges that she stepped outside Blackburn's library to take a break from studying when a man grabbed her and dragged her into the woods behind the library and raped her. She seeks compensatory and punitive damages for these injuries.

## ANALYSIS

For purposes of this Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to Doe. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). The Complaint should not be dismissed unless it appears beyond doubt that Doe can prove no set of facts that would entitle her to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

Blackburn first argues that it is immune from negligence claims under

2

the Illinois School Code. The immunity, however, does not extend to willful and wanton conduct. 105 ILCS 5/24-24; Henrich v. Libertyville High School, 186 Ill.2d 381, 388, 712 N.E.2d 298, 302-03 (Ill. 1998). In Illinois, willful and wanton conduct means tortious acts done either intentionally or with reckless disregard for the safety of others. Ziarko v. Soo Line R. Co., 161 Ill.2d 267, 273, 641 N.E.2d 402, 405 (Ill. 1994). Doe alleges that Blackburn was recklessly indifferent to the foreseeable risks of harm that women face while attending Blackburn and that Plaintiff's injuries resulted from this reckless indifference. Doe, therefore, alleges willful and wanton conduct by Blackburn. Blackburn is not immune from this claim.

Blackburn argues that Plaintiff must allege specific facts that show willful and wanton conduct. However, in federal court, Doe must only allege a short, plain statement of the claim showing that she is entitled to relief. Fed. R. Civ. P. 8(a). Illinois' procedural pleading requirements do not apply in this Court. Doe has sufficiently alleged her claim for willful and wanton misconduct by Blackburn.

Blackburn next argues that colleges and universities are not liable under Illinois law for the criminal acts of third parties. This is incorrect.

3

Blackburn can be liable if Doe was present on Blackburn's campus under conditions that created a duty by Blackburn to protect Doe from the foreseeable criminal activity. Leonardi v. Bradley University, 253 Ill.App.3d 685, 691, 625 N.E.2d 431, 434-35 (Ill.App. 3rd Dist. 1993).  If Doe was a business invitee on Blackburn's campus at the time of the assault, then Blackburn would have a duty to protect her from foreseeable risks of harm from the criminal acts of others.  Id., at 435.  The defendant university in Leonardi owed no duty to the plaintiff in that case because the assault occurred in a fraternity house when the plaintiff was not involved in any school-related activity.  Id.  Doe, however, alleges that she was standing outside Blackburn's library on a study break at the time of the assault. When read in the light most favorable to Doe, taking a study break in front of the school library may be sufficiently related to school activities to make her a business invitee at the time of the assault.  If so, Blackburn may have had a duty to take reasonable steps to protect her from foreseeable risks of criminal activity by others.  She states a claim.

THEREFORE, Defendant Blackburn College's Motion to Dismiss the "State Law Claims" of Plaintiff's First Amended Complaint (d/e 15) is DENIED.  Blackburn College is directed to file an amended answer by

March 15, 2007.

IT IS THEREFORE SO ORDERED.

ENTER:   February 26, 2007.

    FOR THE COURT:

                                          s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE