IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-CV-3205 |
| | ) | |
| BLACKBURN COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Blackburn College's Motion to Compel Rule 35 Examination. See d/e 82 (the "Motion"). For the reasons set forth below, the Motion is ALLOWED.

## BACKGROUND

Plaintiff has filed a Complaint (d/e 1) which, among other things, alleges a claim under Title IX of the Education Act of 1972, 20 U.S.C. § 168(a), *et seq.* ("Title IX"). Because she seeks damages for mental harm, Plaintiff's mental condition is in controversy and she is subject to examination pursuant to Federal Rule of Civil Procedure 35(a).

During a January 6, 2011, status conference, Chief U.S. District Judge Michael P. McCuskey specifically told Plaintiff to appear for a mental examination and cooperate fully.  See Minute Entry dated January 6, 2011.  Judge McCuskey warned Plaintiff that her case would be dismissed if she did not comply.

Following the status conference, the parties agreed to complete the Rule 35(a) examination by March 1, 2011.  See Proposed Stipulated Third Amended Case Management Order (d/e 73) at 2.  The parties subsequently agreed that the Rule 35 examination would take place on February 3 and 4, 2011.  See Defendant's Motion to Compel at Exhibit F (discussing dates).

The parties set the examination for a limited duration (1 hour and 30 minutes per day).  The examination was to be conducted by psychologist Ann Duncan-Hively, Ph.D. and was to occur at her office.  Other than these things, there were no restrictions on the Rule 35 examination.

Defense counsel provided an address for Dr. Duncan-Hively's office.  Plaintiff arrived at that address on February 3, 2011, the first day of the Rule 35 examination.  Upon doing so, Plaintiff found that

Dr. Duncan-Hively had moved to a new office. Plaintiff then drove 5 miles to the office and the Rule 35 examination began.

One and a half hours after the February 3rd testing began, Dr. Duncan-Hively asked Plaintiff to complete a Minnesota Multiphasic Personality Inventory ("MMPI") and a Symptom Checklist. Since the allotted hour and half testing period had expired, Plaintiff left Dr. Duncan-Hively's office without completing the MMPI or the Symptom Checklist. Plaintiff did this on the advice of her counsel. When Plaintiff left Dr. Duncan-Hively's office, Plaintiff took the MMPI and Symptom Checklist with her.

After Plaintiff left Dr. Duncan-Hively's office, Plaintiff's counsel called defense counsel and refused to have her client submit to any written testing. Faced with this prohibition, defense counsel cancelled the February 4, 2011, testing date.

Defendant thereafter filed the instant Motion. Among the Motion's exhibits is a signed affidavit from Dr. Duncan-Hively. Duncan-Hively's affidavit states that, in addition to the hour and a half she spent examining Plaintiff on February 3rd, she needs four hours to properly examine the

Plaintiff.¹ If Plaintiff is uncooperative, the examination would be correspondingly longer. See Dr. Duncan-Hively Aff. at ¶¶ 18-19.

Plaintiff objects to any further examination. Plaintiff contends that she has "fully complied according to the agreement of counsel, and defense counsel cancelled the examination, [therefore] defendant waived its right" to an examination. See Memorandum in Support of Opposition to Defendant's Motion to Compel Rule 35 Examination (d/e 92) ("Memorandum") at 5. Plaintiff also asks the Court to: disallow further examination; require Defendant to pay Plaintiff and Plaintiff's counsel for any costs related to further examination; require Defendant to obtain a new expert in Florida; and, examine Plaintiff in Florida since Plaintiff resides there. See Opposition to Defendant's Motion to Compel Rule 35 Examination (d/e 93) (the "Opposition Brief") at 14.²

**LAW**

---

¹Defendant's Motion seeks a total of seven hours of examination (four hours of examination in addition to the three hours the parties originally agreed to). See Defendant Blackburn College's Memorandum in Support of Its Motion to Compel Rule 35 Examination (d/e 83 at 3, 16). Since Defendant's own expert states that she only needs four more hours of examination, the Court will not allow the seven hours of examination sought in Defendant's Motion.

²By filing both a Memorandum and an Opposition brief, Plaintiff has essentially filed two responsive pleadings to Defendant's Motion. Local Rule 7.1 allows a party to file one single response to a motion. Since the additional pleading does not aid Plaintiff, the Court will not strike it. In the future, the Court will strike any noncompliant pleading.

"[F]ederal courts in diversity cases (and any other cases in which state law supplies the rule of decision) apply state 'substantive' law but federal 'procedural' law." See Gacek v. American Airlines, Inc., 614 F.3d 298, 302 (7th Cir. 2010), citing Erie R. Co. v. Thompkins, 304 U.S. 64, 58 S.Ct. 817 (1938). Because the instant case is based on a federal statute, jurisdiction exists under 28 U.S.C. 1331. Since the events which give rise to Plaintiff's claims occurred in Illinois, the Court applies Illinois law as to any matters of substantive law. See Gacek, 614 F.3d at 302. The Court applies the Federal Rules of Civil Procedure to all procedural issues. Id.

## ANALYSIS

The Court first considers whether Plaintiff can be compelled to submit to a Rule 35 examination. The Court will then address Plaintiff's contention that Defendant, by cancelling the February 4th portion of the examination, waived its Rule 35 rights.

### A) RULE 35

Rule 35(a) provides that a Court "may order a party whose mental or physical condition---including blood group---is in controversy to submit to a physical or mental examination by a suitably licensed certified examiner." See Fed.R.Civ.P. 35(a). The parties do not dispute that Plaintiff's mental

condition is in controversy, that Defendant has good cause to seek an examination, or that Dr. Duncan-Hively is qualified to perform a Rule 35 examination. Rather, their dispute concerns Plaintiff's refusal to submit to written testing and her contention that Defendant waived the right to further testing because Defendant cancelled the February 4th testing date. The Court finds no merit in Plaintiff's position.

During the January 6, 2011, status conference hearing, Judge McCuskey told Plaintiff to attend a Rule 35 examination and cooperate fully with the examiner. Plaintiff violated Judge McCuskey's explicit instructions when she refused to submit to any written testing.

Furthermore, since the parties never agreed to refrain from written testing, Plaintiff had no valid basis to refuse such tests. Written examination is a necessary part of Dr. Duncan-Hively's evaluation. By wrongfully refusing to submit to written tests, Plaintiff caused a significant portion of the Rule 35 examination to be cancelled. As such, Plaintiff cannot complain about the prospective cost of attending a second Rule 35 examination given that her noncompliance is the cause of the additional round of examination. Moreover, Plaintiff had no right to keep the MMPI

and Symptom Checklist when she left Dr. Duncan-Hively's office. Those materials belonged to Dr. Duncan-Hively and must be returned.[3]

**B) WAIVER**

Plaintiff contends that Defendant waived its right to a complete Rule 35 examination when Defendant cancelled the February 4th portion of the examination. "Waiver arises from an affirmative act, is consensual, and consists of an intentional relinquishment of a known right." <u>Home Insurance Co. v. Cincinnati Insurance Co.</u>, 821 N.E.2d 269, 282 (Ill. 2004).

Here, Defendant only cancelled the February 4, 2011 portion of the examination after Plaintiff wrongfully refused to complete any written testing. Plaintiff's refusal to submit to written testing prevented Dr. Duncan-Hively from conducting a meaningful Rule 35 examination. It would have been pointless to continue with the February 4th portion of the Rule 35 examination under those circumstances. Thus, Defendant correctly cancelled the examination and asked the Court to resolve whether Plaintiff could be compelled to complete written tests. Given these facts, Defendant's cancellation cannot be called an intentional relinquishment of

---

[3] The Court previously ordered Plaintiff to return the MMPI. As of this date, there is no indication that Plaintiff failed to comply.

Defendant's Rule 35 examination rights.  See Home Insurance Co., 821 N.E.2d at 282.  As such, Plaintiff cannot meritoriously claim that she deserves any relief relative to the cancelled Rule 35 exam.

## CONCLUSION

WHEREFORE, Defendant Blackburn College's Motion to Compel Rule 35 Examination (d/e 82) is ALLOWED.  Plaintiff is ORDERED to return the Symptom Checklist to defense counsel by March 31, 2011.  She shall bear all expenses related thereto.  Plaintiff is also ORDERED to appear at Dr. Duncan-Hively's office for an additional four (4) hours of examination pursuant to Rule 35.  That Rule 35 examination shall be completed by April 21, 2011.  If Plaintiff fails to fully comply with this order and Dr. Duncan-Hively's examination, her case will be dismissed.  This aged case cannot be further delayed by Plaintiff's obstreperous conduct.  This Opinion and Judge McCuskey's comments during the January 6, 2011, status conference are ample warning about the possibility of dismissal.

ENTER:   March 28, 2011

_____*s/ Byron G. Cudmore*_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE